UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
VENUS STINNETT,                              :
                                             :
                        Plaintiff,           :
                                             :
            -against-                        :     **SUMMARY ORDER OF REMAND**
                                             :     18-CV-1416 (DLI)(RML)
DELTA AIR LINES, INC., and QUEST             :
DIAGNOSTICS CLINICAL LABORATORIES,           :
INC.,                                        :
                                             :
                        Defendants.          :
----------------------------------------------------------------x
**DORA L. IRIZARRY, Chief United States District Judge:**

On March 7, 2018, Defendant Quest Diagnostics Clinical Laboratories, Inc. ("Quest," or "Removing Defendant") filed a notice removing this action from the Supreme Court of the State of New York, Kings County, to this Court. *See* Notice of Removal ("Notice"), Dkt. Entry No. 1, at 6. For the reasons set forth below, this case is remanded *sua sponte* to the state court.

## BACKGROUND

On or about January 29, 2018, Plaintiff Venus Stinnett ("Plaintiff") commenced this action in state court seeking money damages under the New York Labor Law and New York City Administrative Code for discrimination, retaliation, aiding and abetting discriminatory practices; interference with protected rights under the New York City Administrative Code; negligence; and breach of contract. *See generally*, Complaint ("Compl."), Dkt. Entry No. 4.[1] On or about February 20, 2018, the Removing Defendant received the summons and Complaint. Notice at ¶ 2. Less than thirty days thereafter, with the consent of Defendant Delta Air Lines, Inc. ("Delta," and together with Quest, the "Defendants"), the Removing Defendant filed a notice of removal with

---

1   A previous suit filed by Plaintiff in this Court for the same claims alleged here, as well as claims under Title VII and the Americans with Disabilities Act, was dismissed, and the Court declined to exercise supplemental jurisdiction over the state law claims. *See Stinnett v. Delta Air Lines, Inc.*, 278 F. Supp.3d 599 (E.D.N.Y. 2017).

this Court, asserting that there was federal subject matter jurisdiction pursuant to the diversity statute, 28 U.S.C. § 1332(a). *Id.* at ¶ 9.

Specifically, the Removing Defendant asserts that the amount in controversy exceeds $75,000 and that there is complete diversity of citizenship among the parties. *Id*. at ¶¶ 10-11. The Complaint does not contain an *ad damnum* clause, but the Removing Defendant contends that, on its face, the Complaint "allege[s] damages in excess of $75,000.00." *Id.* at ¶ 11. With respect to citizenship of the parties, Plaintiff is a resident of Florida; Quest is a foreign business entity incorporated under the laws of Delaware, with its principal place of business in New Jersey; and Delta is a foreign business entity incorporated under the laws of Delaware, with its principal place of business in Georgia. *Id.* at ¶ 10.

## **DISCUSSION**

Here, as in all cases removed to the federal courts, the removing party has the burden of establishing that the amount in controversy exceeds the $75,000 jurisdictional threshold mandated by 28 U.S.C. § 1332(a). *See Lupo v. Human Affairs Int'l., Inc.*, 28 F.3d 269, 273-74 (2d Cir. 1994). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Id*. (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 255 (5th Cir. 1961)). The Second Circuit has cautioned district courts to "construe the removal statute narrowly, resolving any doubts against removability." *Stemmle v. Interlake Steamship Co.*, 198 F. Supp.3d 149, 156 (E.D.N.Y. 2016) (quoting *Lupo*, 28 F.3d at 274).

With respect to the amount in controversy jurisdictional requirement for diversity jurisdiction, the removing party must "prov[e] that it appears to 'a reasonable probability' that the

claim is in excess of [$75,000]." *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 304-05 (2d Cir. 1994) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994)). "The basis for the amount in controversy should not be grounded in sheer speculation by the Court . . . ." *Audi of Smithtown, Inc. v. Volkswagen of Am., Inc.*, 2009 WL 385541, at *8 (E.D.N.Y. Feb. 11, 2009).

In this case, the Removing Defendant has failed to meet its burden to show that the jurisdictional amount has been satisfied. The Complaint states in general terms that, as a result of Defendants' actions, "Plaintiff suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation." Compl. at ¶¶ 137, 141. The Notice does not further amplify the extent of Plaintiff's damages. It only claims that "on the face of her Complaint, [Plaintiff] alleged damages in excess of $75,000." Notice at ¶ 11. The Court accords no weight to the fact that, in a prior lawsuit, Plaintiff alleged damages in excess of $75,000. *See Id.* Plaintiff's prior suit included several federal claims in addition to the claims raised here, and it is not evident from the pleadings that, absent those now dismissed claims, Plaintiff's remaining claims meet the jurisdictional threshold under 28 U.S.C. § 1332(a).

The Court finds that, based on the information contained in the Complaint and the Notice, the Removing Defendant has failed to demonstrate that a reasonable probability exists that Plaintiff's claim is in excess of $75,000. Therefore, remand to the state court is proper.

The Court notes that Defendants were not without recourse to determine the amount of damages Plaintiff seeks. Pursuant to CPLR § 3017(c), a defendant "may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled." N.Y. C.P.L.R. § 3017(c). If the "supplemental demand is not served within fifteen days, the court, on motion, may order that it be served." *Id.* Rather than prematurely removing the action to this

Court, Defendants should have availed themselves of the appropriate statutory provision, pursuant to which the state court, on motion, is to order the Plaintiff to respond to a demand for total damages. *Noguera v. Bedard*, 2011 WL 5117598, at *2 (E.D.N.Y. Oct. 26, 2011) ("Defendants' remedy is not to presume[] by plaintiff's silence[] that the amount in controversy, if admitted, would confer federal subject matter jurisdiction, and thus remove the action. Nor is it the province of this Court, in the face of its concerns regarding its own jurisdiction, to order plaintiff to respond when the state court has the power—indeed, the statutory obligation—to consider so doing.").

## **CONCLUSION**

For the reasons set forth above, this case is remanded to New York State Supreme Court, Kings County, under Index No. 501847/2018.

SO ORDERED.

Dated: Brooklyn, New York  
      March 29, 2018

/s/  
Dora L. Irizarry  
Chief Judge